

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

January 26, 1939

Hon. George H. Sheppard
Comptroller
Austin, Texas

Dear Mr. Sheppard:

Opinion No. 0-209
Re: Validity of the Milam
County Special Tax
Contract

Your letter of January 24, 1939, to Honorable
Gerald C. Mann in regard to a tax contract between Milam
County and Mr. W. C. Wallace has been received by this
office. We understand that you desire our opinion on
whether or not this contract is valid and should be ap-
proved by the Comptroller and the Attorney General.

This is not an ordinary contract whereby a
person is to undertake to collect any and all delinquent
taxes for the county, but it is a special contract under
which Mr. Wallace is to represent the State of Texas in
Milam County in certain particular suits in which the
district and county attorney is disqualified to act
because of having previously represented the defendants
in these cases. We think that this contract can only
be justified under the same law and same statutes that
justify delinquent tax contracts in general, and one
of those statutes is Article 7335 of the Revised Civil
Statutes of Texas, which in part says:

"Whenever the commissioners court of any
county after thirty days written notice to the
county attorney or district attorney to file de-
linquent tax suits and his failure to do so, shall
deem it necessary or expedient, said court may
contract with any competent attorney to enforce
or assist in the enforcement of the collection
of any delinquent State and county taxes..."

This statute clearly limits commissioners' courts entering into these contracts until "after thirty days written notice to the county attorney or district attorney to file delinquent tax suits and his failure to do so."

The contract in question does not show or recite that such notice has been given or that the notice has been waived, or no outside proof to that effect has been given us. The contract recites that it has been entered into because the district attorney is ineligible to represent the state on these cases; but we don't believe that that recitation obviates the necessity of the thirty day notice or a waiver from the district attorney waiving the notice. If the district attorney is ineligible to represent the state in these cases, then a thirty-day notice could be given him and he could fail to act, or he could waive the notice and if he desired to do so he could give his reasons by stating that he was ineligible to act.

For the reasons outlined above we give as our opinion that this contract does not appear to be valid, and the Comptroller and the Attorney General should not approve it.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By (signed) Cecil C. Rotsch
Assistant

CCR:BT

APPROVED:
(signed) Gerald C. Mann

ATTORNEY GENERAL OF TEXAS